Case 6:20-cr-00009-BMM   Document 34   Filed 02/22/24   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
District of Montana

United States of America
v.
Casey Kazimi

Case No: CR 20-09-H-BMM
USM No: 18074046

Date of Original Judgment: 02/10/2021
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Parts A and B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 33.) Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. Part B, subpart 1 provides a two-level offense level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Defendant had a total criminal history score of 16 after receiving two "status points" for committing the instant offense while on probation. (PSR ¶¶ 44–46.) However, because Criminal History Category VI includes all defendants with 13 or more total Criminal History Points, Defendant's Criminal History Category would be VI even without the additional status points. *See* USSG Ch.5, Pt.A, Sentencing Table. Therefore, Defendant is ineligible for a sentence reduction because Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range." *Mercado-Moreno*, 869 F.3d at 949. His motion is denied.

Except as otherwise provided, all provisions of the judgment dated   2/10/2021   shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 2/22/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Brian Morris, Chief United States District Judge
*Printed name and title*